## JOHN PATTERSON *vs.* BENJAMIN GOLDSMITH.

In an action on a recognizance to prosecute an appeal it must be alleged and proved that the recognizance was returned into the court appealed to.

ACTION OF CONTRACT, commenced before a justice of the peace, upon a recognizance in the sum of eighty dollars, en tered into by the defendant before a justice of the peace, and conditioned that the defendant in a personal action should prosecute with effect at the court of common pleas an appeal from the judgment of said justice therein.

The declaration alleged that said defendant in that action appealed to the court of common pleas, and recognized, with the present defendant as his surety, to prosecute said appeal with effect, as appeared by the recognizance, (a copy of which was annexed to the declaration,) and that in the court of common pleas the plaintiff recovered judgment, which was in full force.

In this action upon the recognizance the defendant was defaulted, and appealed to the court of common pleas, and there filed an answer, which averred "that the magistrate before whom said action was returned had no jurisdiction of the same, and that this court have no appellate jurisdiction thereof," "because it does not appear by the plaintiff's declaration, that said recognizance had been entered of record in the said court of common pleas or has been transmitted to said court according to law."

The record of the court of common pleas, after setting forth the pleadings, concluded by stating that "the court, having heard the parties, and maturely deliberated in the premises, order judgment for the defendant;" that judgment was ordered accordingly; and that the plaintiff appealed to this court.

*A. V. Lynde,* for the plaintiff, cited Rev. Sts. *c.* 85, § 15; *Commonwealth* v. *McNeil,* 19 Pick. 138; *Benedict* v. *Cutting,* 13 Met. 186.

*J. M. Randall,* for the defendant.

METCALF, J. The declaration is bad, for not averring that the

recognizance was returned to the court of common pleas; without proof of that fact the plaintiff could not recover. *Tarbell* v. *Gray*, 4 Gray, 445, & cases cited. *Bowler* v. *Palmer*, 4 Gray, 445, note. This objection, as the cases just cited show, should regularly have been taken by demurrer. But, as it appears by the record that the case was submitted to the decision of the court below, without averment or proof of this material fact, the judgment for the defendant must be affirmed.

*Judgment for the defendant.*